RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 5/2/12

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| TRAVIS JEROD RICHARDSON a/k/a DEAUNTREZ BROWN,<br>          Plaintiff | CIVIL ACTION<br>SECTION "P"<br>1:12-CV-00083 |
| VERSUS | |
| WAYNE MCCULLEN, et al.,<br>          Defendants | JUDGE JAMES T. TRIMBLE<br>MAGISTRATE JUDGE JAMES D. KIRK |

MEMORANDUM ORDER

Richardson filed a motion to reinstate his IFP status based on his claim that he is in imminent danger of serious physical injury (Doc. 26).

In light of his "three strikes," Richardson cannot proceed IFP unless he shows he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). A prisoner with three strikes is entitled to proceed with his action or appeal only if he is in imminent danger at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP. See 1915(g). Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998). IFP status allows an indigent litigant to make periodic partial payments as his ability to pay allows and does not require full payment before the litigation goes forward. Banos, 144 F.3d at 884. If a litigant abuses the IFP privilege, as evidenced by three "strikes," Section 1915(g) has the effect of delaying litigation of the merits of a claim until the fee is paid

in full. When such a delay threatens "imminent danger of serious physical injury," the litigant will be granted IFP status in spite of his past abuse and allowed to pay out his filing fee obligations. In order to implement this statutory scheme, the court must determine if danger exists at the time the plaintiff seeks to file his complaint, notice of appeal IFP, or appeal. Banos, 144 F.3d at 885.

Richardson alleges in his motion (Doc. 26) that he is under imminent danger of serious physical injury because he is being denied clothing, is exposed to extremely cold temperatures, is denied outdoor exercise for months at a time (causing muscle atrophy), has only five square feet of living space in his cell, there is inadequate security at the Natchitoches Parish Detention Center because "lifers" are allowed to exit and enter the prison compound unmonitored and unsearched, and his health and life have been threatened by Corrections Officer Jackson.

Richardson's claims of denial of cold weather clothing during outdoor exercise and exposure to cold temperatures are not currently a problem since it is now May. Also, Denial of daily outdoor exercise and exercise equipment and limited living space do not qualify as imminent dangers of serious physical injury.

Also, Richardson has failed to allege that a specific "lifer" has threatened him. Instead, Richardson only makes a general allegation as to a generally unsafe practice in the prison.

Finally, Richardson alleges that Officer Jackson inflicts "corporal punishment" by placing him in lockdown or by making him stand or get on his knees when Richardson refuses to obey an order. These do not qualify as "imminent dangers of serious physical injury." Richardson has not alleged any specific threat of imminent and serious physical harm to himself from Jackson.

Accordingly, Richardson's motion to reinstate IFP status is DENIED.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 1st day of May 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE